

FILED
MAR 10 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BRITTANY ANN PLAMP, | * | CIV. 07-4009 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER DENYING MOTION TO STAY (DOC. 111) |
| MITCHELL SCHOOL DISTRICT NO. 17-2, | * | |
| Defendant/Third-Party Plaintiff, | * | |
| -vs- | * | |
| ANDREW TATE, | * | |
| Third-Party Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is third party defendant Tate's motion to stay (Doc. 111). Andrew Tate filed an action for declaratory judgment in State Court to determine whether ASBSD has a duty to defend and indemnify Tate in this lawsuit.[1] He asks that this lawsuit be stayed pending resolution of the declaratory judgment action in State Court. Third party plaintiff Mitchell School District opposes the motion (Doc. 127). Plaintiff Plamp has not opposed the motion.

The cases to which the parties referred both to support and to oppose the stay have been considered. These cases reveal the South Dakota Supreme Court strongly encourages and prefers that declaratory judgment actions about insurance coverage should be decided before the underlying lawsuit is resolved. North Star Mutual Ins. Co. v. Kneen, 484 N.W.2d 908 (SD 1992); Stoebner v.

---

[1] It is alleged ASBSD Protective Trust is an insurance company (Doc. 113, Ex. C-1). It is not otherwise established in this record that ASBSD Protective Trust Fund is an insurance company (Doc. 113, Ex. A and Doc. 127, Ex. E). For convenience and clarity the term insurer as used in this Memorandum Opinion and Order refers to ASBSD and the term insured refers to Tate.

South Dakota Farm Bureau Mutual Ins. Co., 598 N.W.2d 557 (SD 1999); South Dakota Cement Plant Com'n v. Wausau Underwriters Ins. Co., 616 N.W.2d 397 (SD 2000). Those cited cases and others indicate the South Dakota Supreme Court, however, does not require the declaratory judgment action to be resolved before the underlying claim is finished.² See also, Public Entity Pool for Liability v. Score, 658 N.W.2d 64 (SD 2003); Mid-Century Ins. Co. v. Norgaard, 273 N.W.2d 191 (SD 1979). Reading the cited cases reveals declaratory judgment actions have occurred during or after the underlying case. See South Dakota Cement Plant at 401-402, 407 ("frustrating that this case was not resolved in a separate declaratory judgment action preceding the trial, trial court erred in granting summary judgment on the duty to defend, insurer not obligated to pay settlement of $200,000); and Score at 64 (federal lawsuit settled leaving only the question of the Fund's responsibility to pay Wagaman's legal fees); Norgaard at 192-193 (son and father were sued for damages in federal court, during that litigation the insurer began the declaratory judgment action in State Court, no information whether the federal case was postponed pending the State Court decision). The South Dakota declaratory judgment law (SDCL 21-24) likewise does not expressly require an underlying action to be postponed while an action for declaratory is decided. The justifications are that deciding the declaratory judgment action first avoids placing the insurer in a conflict of interest position regarding duty to defend and reduces the chance an insurer will be prejudiced in the event an insured admits liability or commits some other similar prejudicial act during the course of the litigation. North Star at 911. Another justification is that the insured

---

²While there is a statement in Cincinnati which arguably could support a contrary conclusion, the issue in this case was not directly presented or decided in Cincinnati. The Cincinnati Ins. Co. v. Pro Enterprises, Inc., 393 F.Supp.2d 1127 (DSD 2005). There is no statute or case law of which this judge is aware which would prohibit trial of the underlying case first and the declaratory judgment action second.

2

through declaratory judgment can learn before the underlying lawsuit becomes personally costly whether the obligation to defend and to pay will belong to the insured or to the insurer.

The District Court on the other hand, in the only case from the U.S. District Court for the District of South Dakota brought to the attention of this judge, decided it would be better to wait until after the underlying lawsuit is finished to decide the duty to pay issue. The District Court at the same time, however, decided the duty to defend issue without waiting for the underlying lawsuit to finish. The Cincinnati Ins. Co. v. Pro Enterprises, Inc., 393 F.Supp.2d 1127 (DSD 2005). The justification is that waiting for the underlying action to finish provides the most complete and finally determined factual evidence upon which to decide the coverage questions about the duty to pay.

Both the State and Federal Courts recognize the duty to defend and duty to pay are distinct issues. The duty to defend can be decided by the insurer in the first instance and by the court in a declaratory judgment action, by comparing the insuring contract with the four corners of the pleading in which the claims against the insured are asserted. Indeed, the District Court did just that in Cincinnati. Judge Piersol decided the duty to defend issue by deciding there was a duty to defend the insured. He postponed the decision about the duty to pay until after the disputes about facts were resolved by the fact finder in the underlying claim so he could decide the coverage issue based upon the actual, finally determined facts.

The insured/third party defendant wants this lawsuit postponed until the duty to defend and duty to pay issues are resolved. The insured's declaratory judgment action is more than a bare declaratory judgment action because it contains its own tort and breach of contract claims for bad faith refusal to pay (Doc. 113, Ex. C-1). The defendant/third party plaintiff opposes the

postponement of this underlying claim pending resolution of the declaratory judgment action. The plaintiff has not opposed postponement. The South Dakota Supreme Court prefers, but does not require, a declaratory judgment action to be decided before the underlying claim is resolved. The District Court has decided the duty to defend issue and postponed the decision on the duty to pay until the underlying lawsuit has been finally decided by the fact finder.

No case has been proffered for consideration which involves the exact situation involved in this case. Here the underlying lawsuit is pending in federal court pursuant to federal question jurisdiction and the declaratory judgment action is pending in State Court under the South Dakota declaratory judgment statutes. The paired underlying cases and declaratory judgment actions addressed by the South Dakota Supreme Court were pending in State Court. In the Cincinnati case the declaratory judgement action was pending in federal court under the federal declaratory judgment statutes and the underlying case was pending in State Court. No case law or statute has been provided which requires the current federal question case pending in U.S. District Court to be stayed pending resolution of the declaratory judgment action pending in State Court.

## CONCLUSION AND ORDER

The Amended Scheduling Order (Doc. 93) provides that discovery was to be finished by February 14, 2008, motions are due by March 17, 2008, and jury trial is scheduled to commence June 3, 2008. The parties and legal issues to be decided in this lawsuit are different from the parties and legal issues to be decided in the declaratory judgment action in State Court inasmuch as ASBSD is not a party to the federal lawsuit. This lawsuit involves a federal question. 20 U.S.C. §1681(a). This case was filed more than one year ago on January 23, 2007, and as a matter of docket management it is desirable to move it to forward to conclusion. It appears this court has the

discretion to grant or deny the stay so long as discretion is exercised reasonably.

It is ORDERED that the motion to stay (Doc. 111) is DENIED.

Dated this 10th day of March, 2008.

BY THE COURT:

John L. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk
By_____, Deputy