**FILED**

JUN 1 2 2008

*CLERK*

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BRITTANY ANN PLAMP, | \* | CIV. 07-4009 |
| Plaintiff, | \* | |
| -vs- | \* | |
| MITCHELL SCHOOL DISTRICT NO. 17-2, | \* | ORDER ON TATE'S |
| | \* | MOTION IN LIMINE |
| Defendant/Third-Party Plaintiff, | \* | (DOC. 204) |
| -vs- | \* | |
| ANDREW TATE, | \* | |
| Third-Party Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Third-Party Defendant Andrew Tate ("Tate"), by and through his attorneys of record, respectfully requests this Court to enter an Order precluding Plaintiff and her attorneys and witnesses from introducing evidence, asking questions, or commenting during trial, including voir dire, opening statement and closing argument on the following subjects:

**1.** Everything having to do with law enforcement, complaints it received, any investigation it performed, any criminal charges, any plea thereto, and any sentence imposed. All such matters are irrelevant, would be more prejudicial than probative, and constitute impermissible character evidence. *See* FRE 402, 403, 404 and 410. Tate further joins in the motions in limine filed by the Mitchell School District on these matters, specifically Nos. 18 and 25. Tate pleaded no contest to one charge of stalking, a misdemeanor, and received a sentence thereon that included a fine and jail time. Such matters should not be admitted at trial in this case. The investigation performed by law enforcement and any complaints received by law enforcement should likewise not be admitted as they never resulted in any charges that have anything to do with this case, as the one and only claim pending against Tate is one for contribution for Plaintiff's claim of battery, something Tate was never charged with in any respect. Accordingly, because such matters are not relevant, are more prejudicial than probative, impermissible character evidence, and disallowed by Federal Rule 410, Tate respectfully requests that his motion in limine be granted.

**GRANTED IN PART AND DENIED IN PART. NO REFERENCE SHALL BE MADE TO THE CRIMINAL INVESTIGATION, CHARGES, OR TO THE NO CONTEST PLEA. DENIED WITHOUT PREJUDICE AS TO THE MAY 11 POLICE INTERVIEW. THAT THIS INTERVIEW OCCURRED WILL UNDOUBTEDLY BE MENTIONED DURING**

**TRIAL.   IT REMAINS TO BE DETERMINED WHETHER THE VIDEO OR A TRANSCRIPT OF THE ACTUAL INTERVIEW IS RELEVANT.**

2.      All allegations of every kind and nature that Tate verbally said things that were allegedly inappropriate, sexually explicit, or sexually suggestive. Other students, following Tate's suspension, came forward and made allegations that he said inappropriate things to them. There are also allegations and rumors of Tate making inappropriate comments to others, and also allegations of rumors regarding relationships with adults. There are no allegations that Tate inappropriately touched or battered anyone else. Because this claim is about battery, all evidence about statements, rumors, and innuendo should be excluded as they are irrelevant, more prejudicial than probative, and impermissible character evidence pursuant to FRE 402, 403 and 404. Tate further joins in the motions in limine filed by the Mitchell School District on these matters, specifically Nos. 3, 5, 6, 27, 29, 30, 33, and 38.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.  THE RELEVANCE OF SUCH COMMENTS, IF ANY THERE IS, GOES TO THE TITLE IX CLAIM AND TO NOTICE THAT PERSONS WHO WERE IN A POSITION TO INVESTIGATE OR END MR. TATE'S ALLEGED MISCONDUCT MIGHT HAVE POSSESSED.  BECAUSE THIS EVIDENCE COULD BE RELEVANT TO THE TITLE IX CLAIM TO WHICH MR. TATE IS NOT EXPOSED IN THIS LAWSUIT, IT WILL BE COUNSEL'S RESPONSIBILITY TO HELP THE JURY SORT MATTERS OUT.**

3.      Tate joins in the motions in limine filed by the Mitchell School District.

**SEE THE RULINGS ON THESE MATTERS BY REFERRING TO THE ORDERS ON THE DISTRICT'S MOTIONS.**

## CONCLUSION

Doc. 204 is **GRANTED IN PART** and **DENIED IN PART.**

Dated this _12_ day of June, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge