FILED
JUN 12 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

BRITTANY ANN PLAMP,

Plaintiff,

-vs-

MITCHELL SCHOOL DISTRICT NO. 17-2,

Defendant/Third-Party Plaintiff,

-vs-

ANDREW TATE,

Third-Party Defendant.

CIV. 07-4009

ORDER ON DISTRICT'S MOTIONS IN LIMINE (DOCS. 195 & 199)

Following are the Orders on District's motions in limine:

1. Any mention of any insurance or risk pools;

**GRANTED.**

2. Any questioning of District's non-administrative employees about their knowledge of Tate's actions toward any student because they are not administrators of District, and because they cannot bind the District, their knowledge is irrelevant.

**DENIED WITHOUT PREJUDICE. THE OBJECTION ON RELEVANCY IS PROBABLY WELL TAKEN, BUT THE OBJECTION WILL NEED TO BE MADE DURING TRIAL WHEN AN OBJECTIONABLE QUESTION IS ASKED. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

3. Any speculative testimony offered by Plaintiff.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

4. Any testimony or reference to the subjective motivation of any school official, administrator, or employee.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

5.      Any mention or reference claiming that people informed administrators of the school of Tate's alleged sexual conversations or conduct when said reference is not based in fact, and any mention or reference claiming that people, or the witness himself/herself, informed counselors or teachers or staff of the school of Tate's alleged sexual conversations or conduct, as non-administrator employees cannot bind the District and their knowledge is irrelevant.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

6.      Any mention of letters written to the newspaper editor, mayor, city council, or Judge Eng regarding Andrew Tate.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

7.      Any mention or reference to the term "physical assault" or "sexual assault" or "hostile environment" as contained in Plaintiff's Amended Complaint.

**DENIED.**

8.      Any mention or reference to inappropriate e-mails between Andrew Tate and Terry Aslesen and Bob Everson and photo attachments, and any reference to the media coverage, news articles, editorials or letters to the editor about the emails, or any reprimands given to them by District because of the emails.

**GRANTED.**

9.      Any characterization, inference, suggestion or assertion in questioning witnesses that any reports or complaints of Tate's actions to any administrator of District were, indeed, complaints of "sexual harassment."

**DENIED.**

10.     Any "expert" testimony by Gina Hawkins.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

11.     Any testimony by Eric Christensen.

**GRANTED. ERIC CHRISTENSEN IS NOT ON PLAINTIFF'S WITNESS LIST.**

12. Any testimony by a school board member, including Bob Everson.

**DENIED.**

13. Any testimony by or reference to opinions of Plaintiff's designated expert, Fran Sepler, or any reference to her report or deposition testimony.

**GRANTED.**

14. Any evidence in support of claims eliminated through summary judgment or other motions upon which this Court has ruled.

**GRANTED IN PART AND DENIED IN PART. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS. THERE SHALL BE NO REFERENCE TO OR QUESTIONING ABOUT THE § 1983 CLAIM WHICH WAS DISMISSED ON SUMMARY JUDGMENT BY ANY WITNESS OR LAWYER. LIKEWISE EVIDENCE WHICH RELATES EXCLUSIVELY TO THE § 1983 CLAIM, IF ANY THERE IS, SHALL NOT BE MENTIONED DIRECTLY OR INDIRECTLY. THERE SHALL BE NO REFERENCE TO OR QUESTIONING ABOUT OTHER EVIDENCE NOT PERMITTED AS A RESULT OF OTHER RULINGS BY THE COURT.**

15. Prohibit Plaintiff from retrying issues associated with her Section 1983 claims.

**GRANTED IN PART AND DENIED IN PART. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS. THERE SHALL BE NO REFERENCE TO OR QUESTIONING ABOUT THE § 1983 CLAIM WHICH WAS DISMISSED ON SUMMARY JUDGMENT BY ANY WITNESS OR LAWYER. LIKEWISE EVIDENCE WHICH RELATES EXCLUSIVELY TO THE § 1983 CLAIM, IF ANY THERE IS, SHALL NOT BE MENTIONED DIRECTLY OR INDIRECTLY.**

16. Any reference to incidents involving complaints or reports to administration other than the three deemed relevant by the Court.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

17. Any reference to subsequent remedial measures by District, such as its changes to its sexual harassment policy and any increased sexual harassment training after the incident.

**GRANTED.**

18. Any reference to Tate's criminal charges, grand jury indictment, plea, or sentencing.

**GRANTED. IT IS UNDERSTOOD MR. TATE ENTERED A PLEA OF NO CONTEST, WHICH IS NOT AN ADMISSION OF GUILT.**

19. Any evidence of culpable acts or omissions of non-administrative employees of District.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

20. Any evidence and witnesses not previously disclosed.

**GRANTED AS TO WITNESSES NOT PREVIOUSLY DISCLOSED. DENIED WITHOUT PREJUDICE AS TO EVIDENCE NOT PREVIOUSLY DISCLOSED. ALL EVIDENCE DOES NOT NECESSARILY NEED TO BE DISCLOSED BEFORE TRIAL. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

21. Any reference to Terry Aslesen being replaced as high school principal because he did not deal with complaint about Tate.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

22. Any evidence regarding Deb Sturdevant's or any other employee's departure from their position or employ of District.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

23. Any reference to or testimony regarding former teacher Raphael Arche and any Title IX investigations.

**GRANTED.**

24. Any suggestion or inference by counsel that District was deliberately indifferent upon Plaintiff's mother's reporting of the incident involving her and Tate.

**GRANTED REGARDING DR. GRAVES AND THE SCHOOL BOARD AFTER NOTICE ON MAY 11.**

25. Any evidence regarding, or the introduction into evidence of the videotaped interviews by the police department and the police report.

**GRANTED IN PART AND DENIED IN PART. NO REFERENCE SHALL BE MADE TO THE CRIMINAL INVESTIGATION, CHARGES, OR TO THE NO CONTEST PLEA.**

**DENIED WITHOUT PREJUDICE AS TO THE MAY 11 POLICE INTERVIEW. THAT THIS INTERVIEW OCCURRED WILL UNDOUBTEDLY BE MENTIONED DURING TRIAL. IT REMAINS TO BE DETERMINED WHETHER THE VIDEO OR A TRANSCRIPT OF THE ACTUAL INTERVIEW IS RELEVANT.**

26. Any evidence of damages allegedly suffered by Plaintiff.

**DENIED.**

27. Any reference to or testimony of any alleged sexual harassment or sexual conversations or conduct of Tate with Susan Krcil or any other teacher or adult.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

28. Any reference to the complaint in 1994 from the unidentified man regarding his fiancee.

**DENIED.**

29. Any reference to or introduction into evidence of the written list of comments authored by Katie Budahl containing sexual comments that Tate allegedly made to her.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

30. Any reference to or testimony regarding comments about Tate allegedly made by students to teacher Deb Everson.

**GRANTED. THIS IS HEARSAY EVIDENCE. THIS EVIDENCE IS ALSO NOT RELEVANT UNLESS THE SAME INFORMATION WAS PROVIDED TO A PERSON IN A POSITION TO INVESTIGATE OR END THE ALLEGED MISCONDUCT ON THE PART OF MR. TATE.**

31. Any testimony by Tiffany Ellis, because her complaints about Tate were not sexual harassment, she was satisfied with how the District remedied/addressed the situation, and the "offensive" lectures admittedly were related to his American Government lesson.

**DENIED. IT IS FOR THE JURY TO DECIDE WHICH COMPLAINTS, IF ANY, PROVIDED NOTICE OF MR. TATE'S ALLEGED MISCONDUCT TO PERSONS WHO WERE IN A POSITION TO INVESTIGATE OR END THE ALLEGED MISCONDUCT.**

32. Any testimony regarding or reference to all reports or complaints by students regarding Tate's curriculum or teaching, and all non-sexual harassment complaints or reports.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

33. Any testimony or reference to Tate's alleged sexual comments or sexual conduct by Tate towards Natalie Sturdevant, Katie Ellefson, and Katie Budahl.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

34. Any questioning of non-expert witnesses as to "studies" or any scholarly information.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

35. Any mention of media coverage, newspaper articles, or editorials regarding Andrew Tate, this lawsuit, the District as it relates to this lawsuit, or the Plaintiff as it relates to this lawsuit.

**GRANTED IN PART AND DENIED IN PART. DURING VOIR DIRE OF THE JURY COUNSEL MAY INQUIRE OF PROSPECTIVE JURORS ABOUT THEIR PRIOR KNOWLEDGE AND OPINIONS RELATING TO THE CASE AS A RESULT OF MEDIA COVERAGE. DURING TRIAL AFTER THE VOIR DIRE HAS BEEN FINISHED, THERE SHALL BE NO REFERENCE TO NEWS MEDIA REPORTS BY ANY WITNESS OR LAWYER.**

36. Any testimony, hearsay, or reference to incidents which are not based upon first hand personal knowledge.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

37. Any mention of or reference to any parts of Tate's personnel file or documentation contained therein other than what this Court ruled as discoverable.

**GRANTED.**

38. Any reference to or introduction into evidence Brittany Plamp's letter dated November 27, 2006.

**DENIED WITHOUT PREJUDICE. RULINGS WILL BE MADE DURING TRIAL ON OBJECTIONS ON A QUESTION BY QUESTION BASIS.**

39. Sequestration of Witnesses.

**GRANTED. COUNSEL ARE DIRECTED TO INSTRUCT THEIR WITNESSES ABOUT THIS RULING AND TO OTHERWISE ENSURE THE RULING IS FOLLOWED.**

40. Any evidence or introduction at trial of the Office of Civil Rights Revised Sexual Harassment Guidance.

**GRANTED.**

## CONCLUSION

DOCS. 195 & 199 are **GRANTED IN PART** and **DENIED IN PART.**

Dated this 12 day of June, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By Shelly Margulies, Deputy